| | |
|---|---|
| 1 | DAVID L. ANDERSON (CABN 149604)<br>United States Attorney |
| 2 | |
| 3 | HALLIE HOFFMAN (CABN 210020)<br>Chief, Criminal Division |
| 4 | CHRISTINA McCALL (CABN 234139)<br>Assistant United States Attorney |
| 5 | 1301 Clay Street, Suite 340S<br>Oakland, California 94612 |
| 6 | Telephone: (510) 637-3680<br>christina.mccall@usdoj.gov |
| 7 | |
| 8 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. Cr 19-041 YGR |
| Plaintiff, | ) ) ) | DETENTION ORDER |
| v. | ) ) | |
| ROBERT LAMAR EDWARDS, | ) ) ) | Hearing: March 11, 2019<br>Time: 9:30 a.m.<br>Court: Hon. Kandis A. Westmore |
| Defendant. | ) ) ) | |

Defendant, Robert Lamar Edwards, is charged in a one-count indictment with possession of a firearm and ammunition following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). If convicted of this crime, Mr. Edwards potentially faces a maximum sentence of 10 years in prison, a $250,000 fine, three years of supervised release, plus a $100 special assessment and forfeiture. Mr. Edward's alleged crime does not carry a rebuttable presumption that no condition will reasonably assure the safety of the community under 18 U.S.C. § 3142(e). However, because the crime involves the possession or use of a firearm, upon motion of the attorney for the Government, the Court must hold a detention hearing. 18 U.S.C. § 3142(f)(1)(E).

Following arrest in this district, at the initial appearance, the United States moved for Mr. Edward's detention, pursuant to 18 U.S.C. §§ 3142(f)(1)(E). The detention hearing took place on March 11, 2019, where attorneys for the Government and Mr. Edwards proffered information. United States

Pretrial Services wrote a lengthy, detailed bail study for this case, and recommended that Mr. Edwards be detained. The bail study concluded that conditions could be set to mitigate the risk of non-appearance at future court hearings. However, the bail study concluded that no combination of conditions could mitigate the risk of danger to the community that Mr. Edwards poses, due to his extensive criminal history spanning decades and including eight felony convictions and four misdemeanor convictions, prior arrests and convictions involving firearms, and past revocations of court supervision.

Defense counsel argued that an unsecured bond, signed by Mr. Edward's significant other for many years, plus other conditions, such as placement at an in-patient drug treatment center, would be sufficient to meet the requirements of the Bail Reform Act. Defense counsel emphasized that Mr. Edwards is not charged in the instant offense with a crime of violence and is not currently on probation or parole. Defense counsel stated that Mr. Edwards wants to be placed in a residential drug treatment program. Defense counsel proffered that Mr. Edwards did well in 2015 through 2017, working in a tax preparation business, and trying to enroll in educational courses. Defense counsel proffered, based upon information from Mr. Edwards, that several of Mr. Edward's most serious prior arrests involve mitigating circumstances. Finally, defense counsel explained Mr. Edwards's multiple arrests in 2018 as arising from his drug addiction.

The government argued that Mr. Edwards should be detained since he poses a serious risk of danger to the community that cannot be controlled by conditions set by the Court. Government counsel emphasized Mr. Edwards's serious, and lengthy, criminal record, spanning four decades, which includes approximately eight felony convictions and four misdemeanor convictions. Government counsel emphasized Mr. Edward's prior convictions for assault with a firearm on a person, felon in possession of a firearm, narcotics for sale, and first degree burglary. Government counsel noted that some of those convictions appeared to be the result of pleas to charges much less serious than the initial charges for which Mr. Edwards was arrested. Government counsel pointed out that Mr. Edwards's probation and parole had been revoked many times in the past, instead of pursuing new criminal charges, resulting in Mr. Edwards's return to custody, and indicating an inability to follow court orders. Government counsel

DETENTION ORDER
CR 19-041 YGR 2

also emphasized the significant number of bench warrants that have been issued for Mr. Edwards, presumably as a result of failing to appearing in Superior Court as required.

The government explained that Mr. Edwards was arrested several times in 2018 through early 2019, including three arrests following his arrest that led to the charges in this case. Government counsel proffered that in mid-February, a Deputy District Attorney in San Francisco stated there were three active cases pending for Mr. Edwards, two felony cases and one misdemeanor, and that Mr. Edwards was in pretrial custody in the San Francisco county jail. Government counsel indicated that later in February, the San Francisco District Attorney's office decided to release Mr. Edwards to the federal arrest warrant, and that Mr. Edwards had come directly from state custody to federal court. Government counsel argued that Mr. Edwards's multiple arrests for driving under the influence of narcotics or alcohol placed the public at risk. With respect to drug treatment, government counsel argued that Mr. Edwards had already completed two drug treatment programs, which did not stop his criminal conduct. Finally, government counsel argued that the sole proposed surety, Mr. Edwards's romantic partner for approximately 15 to 20 years, is unlikely to be able to curtail his criminal conduct (since Mr. Edwards had accrued a substantial number of arrests and convictions during the period they have been together) and ensure the community's safety.

Based upon Pretrial Sevices's bail study and the parties' proffers, the Court finds that no conditions can be set to mitigate the danger that Mr. Edwards poses to the community. The Court agrees with Pretrial Services that the risk of flight or non-appearance could be mitigated by conditions, and agrees with Pretrial Services that no conditions can be imposed to overcome the risk that Mr. Edwards poses if released from custody. In this case, multiple factors weigh in favor of detention based upon the risk of danger that Mr. Edwards poses to the community. The nature and circumstances of the instant offense, which involve possession of a firearm and ammunition after so many felony convictions, weigh in favor of detention. This alleged crime of knowing possession of a firearm and ammunition occurred following a prior conviction for assault with a firearm on a person (resulting in a five-year state prison sentence), and a prior felony conviction for being a felon in possession of a firearm. Although Mr. Edwards was not arrested in 2016 and 2017, the number of arrests in 2018, and the number of pending criminal cases, indicate that Mr. Edwards poses a serious risk to the community that could not be

mitigated by the release conditions he proposes (drug treatment and a surety).  The Court is concerned about Mr. Edward's many prior bench warrants and many prior revocations of probation and parole, which indicate that he is not willing to follow court orders.

The Court finds that the government has met its burden to show by clear and convincing evidence that Mr. Edwards poses a danger to another person.  The Court finds that the release conditions recommended by the defense are not sufficient to overcome these risks.

## ORDER

Mr. Edwards is ordered detained since no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of the community as required.

Mr. Edwards is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  See 18 U.S.C. § 3142(i)(2).  Mr. Edwards must be afforded a reasonable opportunity to consult privately with counsel.  See 18 U.S.C. § 3142(i)(3).  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver Mr. Edwards to the United States Marshal for a court appearance.  See 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED:   3/12/2019



HON. KANDIS WESTMORE
United States Magistrate Judge