**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **ROBERT LAMAR EDWARDS**, <br> Defendant. | Case No.: 19-cr-041-YGR <br><br> **ORDER GRANTING MOTION FOR SENTENCE REDUCTION DUE TO COMPASSIONATE RELEASE** <br><br> DKT. NO. 42 |

    Defendant Robert Lamar Edwards is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Corrections Institute in Phoenix, Arizona ("FCI Phoenix"). Edwards moves for an order modifying his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A). At the time of the filing of the instant motion, Edwards was in the custody of FCI Victorville Medium II. Edwards requests that the Court reduce his sentence to time served with the balance of the period of his original sentence imposed as a period of supervised release with home confinement and such other conditions as the Court deems just. The Government opposes the motion.

    The Court has jurisdiction to grant the relief requested[1] and, having carefully considered the papers and evidence[2] submitted in support of and in opposition to the motion and the reports provided by U.S. Probation, the Court **GRANTS** the motion on the terms as set forth herein.

---

[1] The Government concedes that the Court has jurisdiction given that 30 days have elapsed since Edwards submitted a request for compassionate release on July 4, 2020 to the warden at FCI Victorville Medium II.

[2] The Government submitted records along with a motion to seal at Docket No. 69. That motion is **GRANTED**.

**DISCUSSION**

On August 22, 2019, Mr. Edwards pled guilty to a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition). (Dkt. No. 24.)  On January 9, 2020, this Court sentenced Edwards to a term of imprisonment of 44 months in addition to three years of supervised release.  (Dkt. Nos. 35 and 36 [amended judgment].)  Mr. Edwards's anticipated release date is January 30, 2022.[3]  He has served just over 60% of his sentence.

Mr. Edwards is a 53-year-old man who is at increased health risk should he contract COVID-19 due to hypertension and diabetes.  The Government does not contest that the health risk factors presented by Mr. Edwards establish extraordinary and compelling reasons that would support a sentence reduction.  Rather, the Government argues that the Court should deny the motion because Mr. Edwards is a danger to the community and the 18 U.S.C. § 3553(a) factors do not support resentencing.

The Court has reviewed its file in this matter thoroughly, including the Probation Office's presentencing report submitted at the time, and the BOP records submitted.  Edwards's last crime of violence, assault with a firearm, was committed more than thirty years ago, when he was 23 years old.  His criminal history, while lengthy, has been decreasingly serious and largely narcotics offenses.  While in custody, Edwards has maintained good conduct.  A lifelong substance abuser, Edwards has now participated in all substance abuse treatment programs available to him while in custody and requests that the conditions of his release include continued, mandatory substance abuse counseling.  These facts weigh in favor of granting Edwards's motion for compassionate release.

Thus, the Court finds that Edwards has established extraordinary and compelling reasons to modify his sentence and, taking into account the nature and circumstances of the offense, the history and characteristics of the person, the nature and seriousness of any danger to the community, and the conditions of release that will reasonably mitigate such danger, the Court finds that a sentence reduction and immediate release is warranted.

---

[3] Mr. Edwards was arrested on the instant charges on September 17, 2018, and has remained in custody since his arrest.

Mr. Edwards sought additional time to revise his initial release plan, submitting two new options when the first was determined to be unsuitable. Mr. Edwards has now requested to reside with his uncle, Ralph Edwards, in Jonesboro, Georgia, a suburb of Atlanta. The probation office in the Northern District of Georgia investigated this request and has approved a 120-day courtesy supervision, after which time it will formally accept Mr. Edwards for supervision if he has complied with all conditions of release.

The Court **GRANTS** the motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a) and **ORDERS** as follows:

1. Edwards's sentence of imprisonment is modified to time served effective **February 1, 2021**. The Court directs the Bureau of Prisons ("BOP") to commence immediately the process of releasing Edwards from custody, and the United States Attorney's Office and United States Probation Office are directed to take all steps communicate and facilitate Edwards's immediate release.

2. Edwards shall be subject to the three-year term of supervised release with the special condition that Edwards shall be subject to home confinement through **February 1, 2022**.

   a. following his release, Edwards shall immediately relocate to the Jonesboro, Georgia residence owned by his uncle Ralph Edwards. The Court understands that FCI Phoenix has indicated that BOP will provide Mr. Edwards with an airline ticket to Atlanta and paperwork and protective gear from BOP that would allow Mr. Edwards to board a flight in Phoenix. Those arrangements are hereby ordered in addition to transport from FCI Phoenix to the airport. Defense counsel is directed to communicate with Mr. Edwards' uncle, Ralph Edwards, regarding immediate transportation to Ralph Edwards' residence in Jonesboro.

   b. commencing at the time of his arrival at the Jonesboro residence, Edwards must self-quarantine at the residence for a period of fourteen (14) days. Mr. Edwards shall have no contact with any person other those residing at the Jonesboro residence until the period of quarantine has expired;

c. within 72 hours of release from custody, Edwards shall contact the U.S. Probation office in the Northern District of Georgia to begin the reentry process.

3. During the period of home confinement Mr. Edwards shall be subject to the following conditions:

a. He shall be subject to location monitoring program as directed by the probation officer. Location monitoring fees may be waived upon the discretion of U.S. Probation. The location monitoring condition may be stayed until the end of the initial 14-day self-quarantine period.

b. He shall remain at the residence at all times except for employment; education; religious services; medical appointments; substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other approved activities, **all of which** must be approved in advance by the U.S. Probation Office.

c. He shall comply with the conditions of release and supervision set forth in the Amended Judgment. (Dkt. No. 36.)

4. The Government shall serve a copy of this order on the Warden at FCI Phoenix forthwith.

**IT IS SO ORDERED**.

Date: January 29, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**